# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2535
_____

United States of America

*Plaintiff - Appellee*

v.

Ladonna Henderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 13, 2026
Filed: July 23, 2026
[Unpublished]
_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Ladonna Henderson pleaded guilty to multiple firearm-related offenses and the district court[1] sentenced her to 37 months in prison. She appeals her sentence.

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

# I.

In Waterloo, Iowa, between November 2022 and June 2023, Henderson purchased or attempted to purchase eleven firearms. When she purchased the firearms, she falsely stated on each ATF Firearms Transaction Record form that she was the actual purchaser and that she was not an unlawful user of controlled substances. Neither assertion was true: she purchased the firearms on behalf of another person, and she was an unlawful user of marijuana at the time of the purchases.

On September 20, 2023, Henderson was indicted on two counts of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A); six counts of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and one count of possession of firearms as an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). The indictment was sealed until September 26, 2023, when Henderson's co-defendant was arrested.

Henderson was arrested on June 18, 2024, in Chicago, Illinois. She waived her right to an identity hearing and was ultimately released on conditions to appear as ordered in the Northern District of Iowa. In February 2025, Henderson pleaded guilty to all nine counts.

At sentencing, neither Henderson nor the government objected to the calculation of the Sentencing Guidelines as recommended in the Presentence Investigation Report, resulting in an advisory Guidelines range of 37 to 46 months. Henderson moved for a sentence below the advisory range, and the government sought a sentence within the range. After considering the unobjected-to documents the parties presented as evidence at the sentencing hearing, the district court denied Henderson's motion and imposed a 37-month term of imprisonment and a 3-year term of supervised release.

## II.

On appeal, Henderson challenges the substantive reasonableness of her sentence. We review for an abuse of discretion.[2] See United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023) ("A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009))). Henderson contends the district court gave significant weight to an improper factor when it relied on a fact unsupported by the record—that she left her home in Waterloo to avoid prosecution—resulting in a substantively unreasonable sentence.

Approximately nine months after the indictment was unsealed, Henderson was arrested in Illinois. The government asserts she left the jurisdiction to flee prosecution and was a "fugitive" during this time period. To support this assertion, the government offered a local newspaper article published the day after her co-defendant was arrested, which described Henderson's charges. An acquaintance of Henderson's told law enforcement that Henderson showed him the article and that

---

[2]The government asks us to reframe Henderson's argument as one alleging procedural error and to apply plain error review, asserting Henderson did not object to the error at the district court. But Henderson did object. In its argument to the court at sentencing, the government characterized Henderson's decision to leave Waterloo shortly after she was indicted as "flight from prosecution." Henderson countered, telling the court she "dispute[s] and ha[s] disputed that [she] fled prosecution in this case," and she offered an alternative reason why she left the state. To the extent this is an alleged procedural error, it is preserved. To the extent the district court then relied on its factual findings on this issue when determining an appropriate sentence, Henderson was not required to lodge another objection to assert the sentence was substantively unreasonable. United States v. Kouangvan, 844 F.3d 996, 999 (8th Cir. 2017) ("No objection is needed to preserve an attack on the substantive reasonableness of a sentence." (quoting United States v. Bain, 586 F.3d 634, 641 (8th Cir. 2009) (per curiam)).

he believed she knew there was a warrant for her arrest, which was why she decided to leave Waterloo.

A couple of days after the newspaper article ran, Henderson spoke with a Child Protection Worker (CPW) regarding her minor children. During the conversation, Henderson told the CPW that her children would be staying with her aunt in Illinois while Henderson addressed her pending criminal charges.

Henderson disputes the government's characterization of her decision to leave Waterloo, explaining she left because she feared for her safety after her former partner and father of her minor children threatened her, and a state court judge refused to hold him in contempt of an active Protective Order. The record at sentencing included the May 2023 Protective Order, Henderson's September 2023 report of the violation to law enforcement, the warrant issued for her former partner's arrest, and the Initial Appearance Order scheduling a contempt hearing for October 19, 2023.

Ultimately, the district court found Henderson's decision to leave the state was motivated, at least in part, to "evade responsibility" for her pending criminal charges. The court found Henderson left the jurisdiction after she knew she had been indicted and chose not to turn herself in or report to authorities. The district court also recognized that her desire to avoid contact with her former partner may have been an additional motivating factor, but it declined to give this mitigating factor significant weight.

We see no clear error in the district court's factual findings. See United States v. Foard, 108 F.4th 729, 736 (8th Cir. 2024) ("We review factual findings at sentencing for clear error."). The court identified more than one reason for Henderson's absence from the jurisdiction, crediting the government's characterization in part and Henderson's in part. Each finding is supported by record evidence. And we do not discern an abuse of the district court's broad discretion in weighing those findings to reach an appropriate sentence.

The judgment of the district court is affirmed.

_____